IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN ALLEY,

      Petitioner,

vs.                                                                                            Civil No. 04-881 WJ/RHS

JAMES JANECKA, Warden, et al.,

      Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Respondent Janecka's Motion to Dismiss ("Motion"), filed January 8, 2004 **[Doc. 9]**. Having considered the parties' submissions, the Court finds that Respondent's Motion is well-taken and should be **granted** and this cause should be **dismissed**.

    2. Petitioner Alley is incarcerated and proceeding *pro se*. On August 4, 2004, Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition") **[Doc. 1]**. In his Motion, Respondent argues that Mr Alley's Petition should be dismissed because it was not filed within the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Court ordered Petitioner to show cause why his Petition should not be dismissed as time-barred. (See Order to Show Cause, filed January 25, 2005) **[Doc. 14]**. Petitioner filed a response on February 14, 2005. (See Response to Court's Order to Show Cause) ("Response") **[Doc. 15]**.

*Background*

    3. On March 10, 2001, a New Mexico state jury convicted Petitioner of seven criminal

counts.  (Ex. A,[1] attached to Answer) **[Doc. 11]**.  The New Mexico Court of Appeals affirmed his convictions on February 11, 2002 and issued its mandate on March 26, 2002.  (Exs. H, I..)  On September 22, 2002 and October 24, 2002, Petitioner submitted a petition for writ of certiorari and moved the New Mexico Supreme Court ("NMSC") to accept the petition as timely filed.  (Exs. J, K.)  The NMSC denied this request on October 28, 2002.  (Ex. L.)  On January 10, 2003, Petitioner filed a Petition for Writ of Mandamus, requesting that his attorney be ordered to "file a writ of certiorari in the New Mexico Supreme Court."  (Ex. M.)  The NMSC denied this petition on January 28, 2003.  (Ex. P.)

   4.  Petitioner filed a petition for writ of habeas corpus in New Mexico state court on April 29, 2003.[2]  (Ex. Q.)  The state court denied Petitioner's request on May 14, 2003.  (Ex. R.)  Petitioner filed a petition for a writ of certiorari with the NMSC on June 2, 2003.  (Ex. S.)  The court denied this petition on August 4, 2003.  (Ex. V.)  Petitioner filed a Motion for Reconsideration (of sentence) in state district court on December 4, 2003, which was denied on December 10, 2003.  (Exs. W, X.)  Petitioner filed his federal habeas corpus petition on August 4, 2004.[3]

   5.  The provisions of 28 U.S.C. §2244(d) state, in relevant part that:

     (1) A 1-year period of limitation shall apply to an application for a writ of habeas

---

[1]All exhibits referenced in these proposed findings and recommended disposition ("PFD") are attached to Respondent's Answer.

[2]I am unable to read the file-stamp date on the copy of the petition provided by Respondent.  The court administrator's office for the Twelfth Judicial District of New Mexico verified that the petition is file-stamped April 29, 2003.  Telephone interview with Lucy, court clerk, 12th Jud. Dist. of NM (Feb. 17, 2005).

[3]Petitioner declared that his federal petition was executed on July 23, 2004.  (Pet. at 13.)

>corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of - -
>(A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Cooper v. Bravo, 36 Fed.Appx. 343, 345, 2002 WL 32716, at **1-**2 (10th Cir. Jan. 11, 2002) (not published in the Federal Reporter). This one-year period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. §2244(d)(2).

*Respondent's Motion to Dismiss*

6. Respondent contends that Petitioner's convictions became final and thus, his one-year limitations period began to run, on May 12, 2002. Respondent's Memorandum in Support of Motion to Dismiss ("Mem.") at 3 **[Doc. 10]**. Respondent calculated that the limitations period was tolled during the pendency of the Petition for Writ of Mandamus and the state petitions for habeas corpus, or approximately 115 days.[4] (Mem. at 3-4.) Assuming a mailing date of July 23, 2004, Respondent concluded that Petitioner filed his federal petition approximately 320 days beyond the expiration of the limitations period. Id.

7. Petitioner asserts that his appellate counsel, Matthew Conley, failed to perfect the direct appeal of his convictions in state court. (Petitioner's Response at 2-3) (alleging that, for seven months, counsel "blatently [sic] refused to file a Writ of Certiorari with the State Supreme

---

[4]In calculating tolling, Respondent did not include the pendency of Petitioner's request to file an untimely Petition for Writ of Certiorari with the New Mexico Supreme Court, or Petitioner's Motion for Reconsideration. According to Respondent, neither document was timely filed, and thus, was not a "properly filed" motion for tolling purposes. (Respondent's Mem. at 3-4; N.M.R.A. 12-502, 5-801.)

Court"). In addition, Petitioner contends that he "did [not] become aware of appellant counsel's refusal or reluctance to perfect his appeal until late July [or] early August 2002."[5] Id. at 3. Thus, Petitioner argues that the time between the date "in which appellant counsel was suppose[d] to file the [appeal in the NMSC] . . . to the actual date that he in fact filed[,] . . . should not be [counted] against" him. Id.

8. The Tenth Circuit Court of Appeals has indicated that in some circumstances, the one-year limitations period "may not even . . . beg[i]n until after [the petitioner] learn[s] that his attorney had failed to file a direct appeal." Cooper, 36 Fed.Appx. 343, 346, 2002 WL 32716, at **3 (emphasis in original) (citing 28 U.S.C. §2244(d)(1)(D)). However, I find that even assuming that the one-year limitations period did not begin to run until January 28, 2003[6], Petitioner's federal habeas corpus application would still be untimely. Absent tolling, Mr. Alley's federal petition would have been due approximately January 27, 2004. Tolling the limitations period through the pendency of his state habeas petitions[7], (about 125 days) would extend the

---

[5]This allegation is supported to some degree by Petitioner's attempt to compel his counsel to file a writ of certiorari in the New Mexico Supreme Court. (Ex. M.)

[6]Petitioner was aware that Mr. Conley had not filed an appeal in the NMSC by late July or early August of 2002. Pet'r's Resp. at 3. On January 28, 2003, the NMSC denied Petitioner's request to compel counsel to file a petition for certiorari. (See Exs. M, P.) These exhibits indicate that, by this date, Petitioner was aware not only that appellate counsel had failed to pursue a timely appeal in the NMSC, but that the court had denied counsel's motion to accept an untimely petition for a writ of certiorari.

[7]Petitioner's Motion for Reconsideration (of his sentence) was not filed within ninety (90) days of sentencing or within ninety (90) days of any court order. Thus, Respondent correctly points out that the motion was not "properly filed" and should not toll the limitations period. See N.M.R.A. 5-801 (providing that such a motion "may be filed within ninety (90) days after the sentence is imposed, or . . . within ninety (90) days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction").

deadline to approximately May 30, 2004. Thus, under this calculation, Petitioner's federal habeas corpus application would still be out of time by nearly two (2) months.

*Equitable Tolling*

9. The one-year statute of limitations under AEDPA may be equitably tolled, although only "when an inmate diligently pursues his claims <u>and</u> demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added). Equitable tolling is appropriate "only in rare and exceptional circumstances." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply. <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).

10. Petitioner argues that appellate counsel's delay of approximately six months in filing a petition for certiorari with the NMSC should toll the one-year statute of limitations. However, as previously noted, even if the one-year limitations period did not begin until the NMSC denied his Petition for Writ of Mandamus, Petitioner's federal petition would still be untimely.

11. Here, Petitioner does not demonstrate that he diligently pursued his federal habeas claims. In particular, "the record fails to justify the long delay from [August 4, 2003] (denial of post-conviction application affirmed on appeal) to [July 23, 2004] (date federal habeas petition filed)."[8] <u>Reed v. Gibson</u>, 185 F.3d 875, 1999 WL 525907, at * *2 (10th Cir. Jul. 13, 1999) (unpublished opinion) (refusing to apply equitable tolling where prisoner filed his federal habeas petition nearly one year after the denial of his state habeas petition). Nor does Petitioner

---

[8]The record shows that during this time period, Petitioner filed an untimely Motion to Reconsider his sentence in state court, which was denied approximately six days later. (Exs. W, X.)

5

demonstrate that the failure to timely file his federal petition was caused by extraordinary circumstances beyond his control.  Accordingly, Petitioner has not met his burden of showing that equitable tolling should be applied in this case.

## Recommendation

I recommend that Respondents' Motion to Dismiss **[Doc. 9]** be GRANTED and this cause be DISMISSED with prejudice, on the finding that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody is barred as untimely under 28 U.S.C. § 2244(d).  Any pending motions should be denied as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
UNITED STATES MAGISTRATE JUDGE